# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

TANISHA SYSTEMS, INC.,

      Plaintiff,

v.

PRAKASH CHANDRA,

      Defendant.

CIVIL ACTION NO.
1:15-CV-2644-AT

## Plaintiff's Response to Defendant's Motion to Dismiss

### I. Introductory Statement

Defendant Prakash Chandra ("Defendant") has waged an ongoing, years-long campaign of Internet-based defamation against his former employer, Tanisha Systems, Inc. ("Tanisha Systems"). That campaign, conducted with the assistance of another angry former employee, also includes a series of communications from Defendant by phone and e-mail with as many prospective Tanisha Systems as he can reach. The goal of the two conspirators by propagating falsehoods: to "screw" Tanisha Systems and put it out of business. Based on this conduct, Tanisha Systems has set forth separate, fact-intensive claims of defamation, tortious interference, and conspiracy as to each tort against Defendant. In his motion, however, Defendant quotes only selectively from the

detailed Complaint and, chiefly, rests his arguments on a legally flawed interpretation of the Communications Decency Act. Def.'s Motion at 9-14. Because Tanisha Systems has adequately alleged specific facts to support each of its claims, it therefore respectfully requests that this Court deny Defendant's motion to dismiss.

## II. Statement of Relevant Facts

A.    *Defendant's Relationship with Tanisha Systems*

Defendant is a former employee of Tanisha Systems, as is his named co-conspirator, Ashwini Jayaprakash ("Jayaprakash"). Pl.'s Comp. ¶¶3-4. Defendant was hired by Tanisha Systems in March of 2010 and communicated his resignation with a two weeks' notice on August 30, 2011. Pl.'s Comp. ¶¶10, 16. Soon thereafter, Defendant communicated another resignation on September 1, 2011—this time with a purported four weeks of advanced notice. Pl.'s Comp. ¶16. Tanisha Systems thus accepted Defendant's resignation, deeming his last day of employment to be September 9, 2011. Pl.'s Comp. ¶17. Defendant disputed that this was actually his last day and tried to extend his employment with the company—all in an attempt to obtain additional "balance money" to which the company contends he was not entitled. Pl.'s Comp. ¶18.

B.    *Defendant's Tortious Campaign*

Believing he had been treated unfairly, Defendant began sharpening his axe. He developed a scheme to punish Tanisha Systems for its perceived wrongdoings. Pl.'s Comp. ¶19. Defendant began by systematically compiling contact information for current and former employees of Tanisha Systems. Pl.'s Comp. ¶36. Using the information from this list, Defendant then personally contacted these current and former Tanisha Systems employees. Pl.'s Comp. ¶37. On information and belief, in these conversations, Defendant falsely disparages the commercial reputation of Tanisha Systems, intending to damage Tanisha Systems' reputation with its employees, Pl.'s Comp. ¶39, and has gone so far as to lie to these current employees of Tanisha Systems in an attempt to learn confidential information. Pl.'s Comp. ¶37.

At the same time, Defendant took to the Internet to further his scheme to damage Tanisha Systems' reputation. Pl.'s Comp. ¶42. For example, as a means of broadening the audience for his disparagement and seeking to gather confidential information about Tanisha Systems, Defendant has posted four different blogs online, seeking to speak with past, present, and prospective employees of Tanisha Systems. Pl.'s Comp. ¶¶42-45. Defendant has also posted a video to YouTube, encouraging anyone interested in Tanisha Systems to contact

him. Pl.'s Comp. ¶47. Each of these postings represents Defendants attempt to further his scheme to harm Tanisha Systems. Pl.'s Comp. ¶47.

In the middle of this cyberbullying campaign, Defendant republished a defamatory blog post (the "Blog Post"), originally published by his co-conspirator, Ms. Jayaprakash. Pl.'s Comp. ¶¶53-57. (In his response, Defendant does not contest that he did in fact republish the Blog Post.) Notably, the Blog Post is expressly intended to injure Tanisha Systems' business reputation and includes the following libelous statements:

- The company makes "false promises"
- The company makes money by "lying"
- The company "cheats"
- "…nobody gets out of this company without being terminated or blackmailed to resign"
- "If anyone wants to get depressed, harassed, lose your peace of mind, lose your status, lose your hard earned money, then I would recommend this company."
- "[T]hey will take your hard earned money and tell you they will give it back as bonus!!"
- "When I wasn't getting what I was promised and had to fight to get my correct salary I was terminated."
- That the company broke a supposed promise to Defendant Chandra to pay him "balance money" of 80% of his client billings
- The company is composed of "fraudsters"

Pl.'s Comp. ¶56. Defendants' republication of the defamatory Blog Post was sent via email to the entirety of Defendant's "hit list" of current and former Tanisha Systems' employees. Pl.'s Comp. ¶53. Defendant urged his recipients to

"forward [the Blog Post] to all of your relatives, friends and acquaintances." Pl.'s Comp. ¶59. In his email, Defendant not only vouched for the truth of the Blog Post; Defendant also posted his own comment to the Blog Post, saying that the Blog Post showed "the real picture of Tanisha Systems," Pl.'s Comp. ¶¶57-58, -- itself yet another false statement, in asserting that the facts in the Blog Post were accurate descriptors of Tanisha Systems.

C.     *Damage to Tanisha Systems*

Defendant's campaign of cyberbullying threatens irreparable harm to the commercial reputation of Tanisha Systems, Pl.'s Comp. ¶64, as well as threatening to create a breach of its contractual relationships with its employees. Pl.'s Comp. ¶19. In terms of actual harm, Defendant's campaign has caused current and prospective employees of Tanisha Systems to look elsewhere for employment. Pl.'s Comp. ¶22. In fact, one such prospective employee explicitly credited Defendant and his co-conspirator's Blog Post as the reason for no longer considering Tanisha Systems for employment. Pl.'s Comp. ¶62. Because the Blog Post remains visible online, damage from Defendants' campaign is, in fact, ongoing. Pl.'s Comp. ¶49.

## III. Argument and Citation to Authority

A.   *The Legal Standard on a Motion to Dismiss*

The Federal Rules require only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8 (a)(2). The goal is to give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957). Therefore, on a motion to dismiss, the court must accept the allegations in the complaint as true and view them in the light most favorable to the nonmoving party. *See Butler v. DeKalb County School Dist.,* 2015 WL 4598292 at *6 (N.D. Ga. July 29, 2015). All inferences should thus be resolved in the non-movant's favor. *See Anderson v. Southern Home Care Services, Inc.,* 2014 WL 1153393 at *3 (N.D. Ga. March 21, 2014).

The complaint does not need to provide every detail in the factual allegations; it need only contain "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Therefore, to state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Moreover, even post-*Twombly*, where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible, facts may be alleged on information and belief. *See Functional Products Trading, S.A. v. JITC, LLC*, 2014 WL 3749213 at *8 (N.D. Ga. July 29, 2014) (Duffey, J.) (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)). In addition, "the plausibility inquiry properly takes into account whether discovery can reasonably be expected to fill any holes in the pleader's case." *See Garcia-Catalan v. U.S.*, 734 F.3d 100, 104-05 (1st Cir. 2013) (quoting *Twombly* for the requirement that a complaint need only contain "enough facts to raise a reasonable expectation that discovery will reveal evidence").

B.    *Tanisha Systems has adequately pleaded its claim for tortious interference.*

Tanisha Systems has adequately pleaded its claim for tortious interference. To state a claim for tortious interference with business relations, a plaintiff must demonstrate that the defendant: "(1) acted improperly and without privilege, (2) purposely and with malice with the intent to injure, (3) induced a third party or parties not to enter into or continue a business relationship with the plaintiff, and (4) for which the plaintiff suffered some financial injury." *See Walker v. Gowen Stores, LLC*, 745 S.E.2d 287, 288 (Ga. Ct. App. 2013).

Defendant argues that Tanisha Systems has not pleaded a breach of contract or harm to business relationships—and that Tanisha Systems has not alleged any "improper methods." Def.'s Motion at 6, 8. To the contrary, Tanisha Systems has adequately alleged that Defendant's conduct has caused: 1) Tanisha Systems' employees to breach their contractual obligations, Pl.'s Comp. ¶19; 2) prospective employees to fail to enter into business with Tanisha Systems, Pl.'s Comp. ¶22; and 3) current employees of Tanisha Systems to end their employment relationship with Tanisha Systems. Pl.'s Comp. ¶37. Similarly, Tanisha Systems has adequately alleged that Defendant used improper methods (namely, misrepresentation, use of confidential information, and defamation) to execute the tortious interference. Pl.'s Comp. ¶¶13-14, 37, 52-71. For these reasons, Defendant's motion to dismiss should be denied.

1. *Defendant has induced a breach of contractual obligations and caused employees or prospective employees to discontinue, or fail to enter, an anticipated business relationship.*

Tanisha Systems has adequately alleged that Defendant has induced a breach of contractual obligations and caused employees or prospective employees to discontinue, or fail to enter, an anticipated business relationship. *See Perry Golf Course v. Housing Authority*, 670 S.E.2d 171, 180 (Ga. Ct. App. 2008) (trial court's dismissal of complaint reversed where plaintiff alleged interference

with a contractual relationship); *Renden, Inc. v. Liberty Real Estate*, 444 S.E.2d 814, 817 (Ga. Ct. App. 1994) ("[P]laintiff must demonstrate that absent the interference, those relations were reasonably likely to develop in fact.").

To begin, Defendant has induced the breach of at least two contractual obligations of Tanisha Systems' employees: confidentiality and the requirement that they not act to the detriment of the company. Pl.'s Comp. ¶31. Despite Defendant's awareness of these obligations, Tanisha Systems alleges that he has used his "hit list" to encourage current and former employees with whom he speaks to divulge confidential information about Tanisha Systems in breach of their contractual obligations. Pl.'s Comp. ¶¶19, 37. Specific evidentiary support for this allegation can be found in that Defendant once falsely claimed to be a Tanisha Systems' employee in a conversation with a current Tanisha Systems' employee, a conversation designed to learn confidential details of that employee's relationship with Tanisha Systems. Pl.'s Comp. ¶37. In this conversation, Defendant claimed to have spoken to twenty other Tanisha Systems' employees. Pl.'s Comp. ¶37.

In referencing these specific relationships, Tanisha Systems has thus adequately alleged interference with its contractual relationships, *see Perry Golf Course*, 670 S.E.2d at 18, and in setting out a prima facie case, has a right to take

discovery to uncover the more specific details of these communications. *See Garcia-Catalan*, 734 F.3d at 104-05.

Further, Tanisha Systems has alleged that, on information and belief, Defendant has induced a third party or parties (prospective and current employees) not to enter into or continue a business relationship with Tanisha Systems. Pl.'s Comp. ¶22. In fact, one such prospective employee explicitly credited Defendant with his reason for looking employment elsewhere. Pl.'s Comp. ¶¶22, 62. That candidate wrote online that he "was about to contact [Tanisha Systems] . . . but now after reading this blog . . . cannot go ahead." Pl.'s Comp. ¶62. Tanisha Systems' allegations are further supported by the fact that Defendant's blog posts explicitly seek to reach prospective employees of Tanisha Systems, as well as current and past employees. Pl.'s Comp. ¶42. Tanisha Systems has thus adequately alleged that, absent Defendant's interference, business relations were reasonably likely to develop in fact. *See Renden*, 444 S.E.2d at 817.

2. *Defendant used the improper methods of misrepresentations, use of confidential information, and defamation to conduct his tortious interference.*

Tanisha Systems has adequately alleged that Defendant used the improper methods of misrepresentations, use of confidential information, and defamation

to conduct his tortious interference. *Cf. Ultrasound Imaging Corp. v. Hyatt Corp.*, 2007 WL 2345256 at *8 (N.D. Ga. Aug. 13, 2007) (dismissal proper where plaintiff failed to allege wrongful conduct such as "misrepresentation, defamation, or use of confidential information"). For example, Tanisha Systems has alleged that:

- Defendant has, in his conversations with current or prospective Tanisha Systems' employees, breached his obligations of confidentiality found in his contract with Tanisha Systems. Pl.'s Comp. ¶¶13-14, 37.

- Defendant falsely misrepresented to a current Tanisha Systems employee that Defendant was also an employee of Tanisha Systems during one of Defendant's twenty tortious conversations. Pl.'s Comp. ¶37.

- Defendant encourages current and former employees with whom he speaks to divulge confidential information about Tanisha Systems. Pl.'s Comp. ¶37.

- Defendant falsely misrepresents the practices of Tanisha Systems, and falsely disparages Tanisha Systems in his conversations with current and prospective Tanisha Systems' employees. Pl.'s Comp. ¶¶37-39.

- Defendant has engaged in a campaign of online defamation against Tanisha Systems. Pl.'s Comp. ¶¶52-71.

- Defendant republished the defamatory Blog Post, created by Defendant's co-conspirator, to Defendant's entire "hit list". Pl.'s Comp. ¶53.

Each such instance, by itself, would constitute a wrongful act for purposes of establishing tortious interference – and the Complaint sets forth a series of such acts. Therefore, contrary to Defendant's assertions, Tanisha Systems has alleged more than simply that "Defendant contacted one unnamed employee."

Def.'s Motion at 9. Instead, Tanisha Systems has adequately alleged that Defendant has used improper methods to conduct his tortious interference with Tanisha Systems' business relationships. *Cf. Ultrasound*, 2007 WL 2345256 at *8. As a result, Defendant's motion to dismiss should be denied.[1]

C.  *The Communications Decency Act ("CDA") does not apply to or bar Tanisha Systems' defamation claim.*

Defendant's argument that the CDA bars Tanisha Systems' defamation claim is wrong for several reasons. First, Tanisha Systems has alleged that Defendant himself made independently libelous statements—apart from his discrete act of forwarding the Blog Post. Therefore, for instances in which Defendant is a content creator, the CDA does not apply. Second, because neither Defendant nor his co-conspirator are "providers or users" of "interactive computer services," as defined by the statute, the CDA does not apply to their conduct. Third, even if the CDA did apply in this case, as an agent and co-conspirator of the content creator, the CDA does not protect the Defendant's republication of the defamatory content. For these reasons, Defendant's motion to dismiss Tanisha Systems' defamation claim should be denied.

---

[1] Defendant does not contest that Tanisha Systems has adequately alleged the other elements of its tortious interference claim: namely, that Defendant acted without privilege; that Defendant acted purposefully with intent to injure; and that Tanisha Systems has suffered financial injury.

1. *The CDA does not apply because Defendant has made his own independently libelous statements.*

To begin, the CDA does not apply here because Defendant has made his own independently libelous statements with regards to the Blog Post. *See Internet Brands, Inc. v. Jape*, 760 S.E.2d 1, 3 (Ga. Ct. App. 2014) (to obtain § 230 (c)(1) immunity, the challenged communication must be "information provided by another information content provider"). For example, in his September 22, 2014 email sharing the Blog Post with his list of Tanisha Systems' employees, Defendant remarked that his co-conspirator was "courageous" and had "written everything clearly." Pl.'s Comp. ¶¶57-58. Then, two days later, he wrote as a comment to the Blog itself that his co-conspirator had given "the real picture of Tanisha Systems." Pl.'s Comp. ¶¶57-58.

Tanisha Systems asserts that these statements, taken together or separately, are independently libelous. Pl.'s Comp. ¶¶57-58. Specifically, Defendant not only vouched for the correctness of the author's statements, he also placed new content and context around the Blog Post itself. Pl.'s Comp. ¶¶57-58. Therefore, because Defendant adopted and vouched for the supposed truth of the statements on the Blog Post, Defendant has committed independently libelous acts. Pl.'s Comp. ¶¶ 57-58; *See, e.g., Schafer v. Time, Inc.*, 142 F.3d 1361, 1368-69

(11th Cir. 1998) ("A defendant's republication of a libelous statement is a tort under Georgia law, independent and separate from the first republication.").

It follows, therefore, that Defendant is the publisher or speaker of these independently libelous statements and thus a content creator without the protection of the CDA. *See* § 230 (c)(1); § 230 (f)(2); *see also Internet Brands,* 760 S.E.2d at 3.; *Hy Cite Corp. v. badbusinessbureau.com, L.L.C.*, 418 F. Supp.2d 1142, 1148 (D. Ariz. 2005) (denying motion to dismiss on CDA immunity grounds where plaintiff alleged that defendant added original content, editorial comments, and titles to the defamatory content).

Because the CDA does not apply to his independently libelous statements, Defendant's argument that he did not "materially contribute" to the defamatory Blog Post misses the point. Def.'s Motion at 13. This argument is inapplicable where, as is the case here, the defendant *is* the information content provider. *Contra Internet Brands*, 760 S.E.2d at 4 (applying the "material contribution" test because "Internet Brands was not an information content provider"). For this reason, the CDA does not extend to Defendant's independently libelous statements, and Defendant's motion to dismiss should be denied.

2. *The CDA does not apply because Defendant is not a provider or user of interactive computer services.*

Similarly, the CDA does not apply in this case because Defendant is not a provider or user of an interactive computer service. By definition, the CDA's protections found in § 230 apply only to a "provider or user" of an "interactive computer service." *See* § 230 (c)(1); *see also Internet Brands*, 760 S.E.2d at 3. Critically, an "interactive computer service" is further defined in § 230 as "any information service, system, or access software provider **that provides or enables computer access by multiple users to a computer server**." § 230 (f)(2) (emphasis added). Defendant simply does not meet this statutory definition. Defendant is neither the provider nor user of an interactive computer service. If anything, he is alleged to be the user of an *information content provider* (i.e., Defendant is the user of his co-conspirator, the Blog Post's content-creator). This distinction, while subtle, is illustrated by the case law cited by Defendant in his own brief.

For example, in *Directory Assistants* (Defendant's principal authority for this argument), defendant Supermedia, LLC was held to be the user of an interactive computer service because Supermedia, LLC compiled links to the website RipOffReport.com, which was held to be an interactive computer service because it does not create its own content. *See Directory Assistants, Inc. v. Supermedia, LLC*, 884 F. Supp.2d 446, 451-52 (E.D. Va. 2012). In other words,

because Supermedia, LLC put RipOffReport (the source of the information) into action or service, Supermedia, LLC was the user of the interactive computer service provided by RipOffReport. *See id.*

In this case, Defendant did not use an interactive computer service to republish the Blog Post. *Contra Directory Assistants*, 884 F. Supp.2d at 451-52. Unlike RipOffReport, which is an interactive computer service because it does not create its own content, the Blog Post republished by Defendant is content created by its author. The Blog Post is therefore not an interactive computer service capable of being used. *See Internet Brands*, 760 S.E.2d at 3 (to obtain § 230 (c)(1) immunity, defendant must be a provider or user of an "interactive computer service").

That Defendant used Google Mail to republish the defamatory Blog Post does not change this analysis. It is true that Google writ-large is an interactive computer service, but Defendant did not use these services when he republished the defamatory Blog Post. As illustrated by *Directory Assistants*, the means of communication (electronic mail) is not relevant in determining whether a defendant is the user of an interactive computer service. *See id.* Instead, the question is whether the source of the defamatory content was an interactive computer service—or, conversely, the creator of the content. *See id.* In *Directory*

*Assistants*, RipOffReport was the source of the content, but was not its creator. *See id.* In this case, the Blog Post was the source of the content, and the Blog Post author (Defendant's co-conspirator) was its creator.

Therefore, because Defendant used the content created by the Blog Post—not Google—Defendant did not use an interactive computer service to republish the defamatory content. *See Internet Brands*, 760 S.E.2d at 3. Defendant is therefore outside of the protection of the CDA, and Defendant's motion to dismiss should be denied.

3. *Even if the CDA does apply, it does not protect Defendant who has acted as an agent of, and co-conspirator with, the original content creator.*

Even if the CDA does apply, it does not protect Defendant as an alleged agent of, and co-conspirator with, the original content creator. Pl.'s Comp. ¶¶72-74. This principle is well-recognized in the case law, both in Georgia and elsewhere. To begin, in *Internet Brands*, the Georgia Court of Appeals recognized that the CDA would not protect the *agent* of a content creator in a defamation suit. *See* 760 S.E.2d at 4 n.4. More to the point, if there are facts sufficient to show that the publisher is in a conspiracy with the original content creator, then the CDA's protections would not extend to that publisher. *See Barrett v. Rosenthal*, 146 P.3d 510, 529-30 (Cali. 2006) (J. Moreno, concurring) (CDA immunity would

not apply if the user is in a conspiracy with the information content provider providing the information.).

Justice Moreno's concurring opinion is persuasive and based first and foremost on the language of § 230 (c)(1) which extends its protections only to information provided by "*another* content provider." *See Barrett*, 146 P.3d at 530 (emphasis in original). A "fair reading of this language suggests that the statute was contemplating an authentic transfer of information between two independent parties." *See id.* Such a transfer, "does not really occur in a conspiracy to defame." *See id.* Justice Moreno also observes that the legislative history of § 230 supports her theory, because the legislative history demonstrates that Congress was concerned with liability being imposed on neutral intermediaries. *See id.* Imposing liability on those who conspire to defame on the Internet, Justice Moreno concluded, supports Congress's intent to impose liability on the originators of the defamatory speech. *See id.*

Tanisha Systems has similarly alleged a series of specific facts that show a conspiracy (including coordination of their unlawful objectives and means) between Defendant and Ms. Jayaprakash, the author of the defamatory Blog Post. *See* Section G *infra*. Therefore, because Tanisha Systems has alleged facts

sufficient to state a claim for conspiracy, the CDA does not protect Defendant and his motion to dismiss should be denied.

D.    *Defendant's defamatory statements are factual.*

Defendant argues that the Blog Post he republished consists of un-actionable opinion. Defendant is incorrect. Every statement on the Blog Post is factual in nature and, if proven, can give rise to a claim for defamation.

A statement is factual if it is capable of being proven true or false. *See Chaney v. Harrison & Lynam, LLC*, 708 S.E.2d 672, 676 (Ga. Ct. App. 2011). At the same time, even a statement of opinion is actionable as defamation if it can reasonably be read to imply an assertion of defamatory facts capable of being proven true or false. *See Bellemead, LLC v. Stoker*, 631 S.E.2d 693, 696 (Ga. 2006). In addition, the question of whether a particular statement is defamatory is generally a question for a jury. *See Morrison v. Hayes*, 335 S.E.2d 596, 598 (Ga. Ct. App. 1985). Only if the statement's meaning is unambiguous and can reasonably have only one interpretation is the question one of law for the judge. *See id.*

In this case, Tanisha Systems alleges that the statements on the Blog Post (set out in the fact section above) are actionable defamation. Pl.'s Comp. ¶56. Indeed, several of the above-referenced statements are inarguably factual in nature, such as the claim that Tanisha Systems blackmails its employees. Pl.'s

Comp. ¶56. In fact, Defendant himself stands by the purported objective truth of three of the statements. Def.'s Motion at 20. In doing so, Defendant effectively admits that these three statements are factual in nature, and that resolving their truth or falsity will be a matter for the factfinder.

Moreover, each of the above-referenced statements is capable of being proven false. *See Chaney v. Harrison & Lynam, LLC*, 708 S.E.2d 672, 676 (Ga. Ct. App. 2011). For example, it can be proven true or false whether Tanisha Systems ever: 1) made a false promise to Defendant or any other employee, Pl.'s Comp. ¶56; 2) lied to Defendant or any other employee, Pl.'s Comp. ¶56; 3) cheated Defendant or any other employee, Pl.'s Comp. ¶56; 4) took Defendant or any other employee's money, Pl.'s Comp. ¶56; or 5) terminated Defendant or any other employee because he fought to get his correct salary, Pl.'s Comp. ¶56; *See id.* It can also be proven false whether Tanisha Systems has ever blackmailed an employee to resign—or whether Tanisha Systems is comprised of individuals who commit fraud. Pl.'s Comp. ¶56; *see id.*

And even if some these statements can be considered opinions— Defendant claims the accusation that Tanisha Systems is composed of "fraudsters" is merely an opinion—one can reasonably read them to imply underlying objective facts that serve as the bases for the opinions. *See Chaney v.*

*Harrison & Lynam, LLC*, 708 S.E.2d 672, 676 (Ga. Ct. App. 2011). Claiming that a business is comprised of fraudsters implies that the business has committed fraud. *See id.* These underlying implied facts are thus capable of being proven true or false. *See id.* At minimum, such statements are ambiguous and capable of more than one reasonable interpretation, thus requiring that they be submitted to a jury. *See Morrison v. Hayes*, 335 S.E.2d 596, 598 (Ga. Ct. App. 1985). For this reason, the Blog Post consists of actionable defamatory statements, and Defendant's motion to dismiss should be denied.

E.     *Defendant's statements are libelous per se.*

Defendant's statements on the Blog Post are libelous per se because the statements tend to injure, and are intended to injure, Tanisha Systems' commercial reputation. For this reason too, Defendant's motion to dismiss, in suggesting enumeration of special damages is required, should be denied.

A statement is libelous per se if it tends to injure one's commercial reputation. *See Dickey v. Brannon*, 162 S.E.2d 827, 828 (Ga. Ct. App. 1968) ("[T]o charge falsely that one has acted deceitfully in conducting his business affairs is actionable per se."); *See Infinite Energy, Inc. v. Pardue*, 713 S.E.2d 456, 460 (Ga. Ct. App. 2011) (reversing dismissal by trial court; statements that a company "deceived, cheated, and misled" were actionable as defamation). In other words,

statements that make reference to a business's trade, office, or profession—and are calculated to injure the business therein—are actionable per se. *See* O.C.G.A § 51–5–4(a)(3); *see also Infinite Energy*, 713 S.E.2d at 460.

The undeniable and express purpose of Defendant's Blog Post is to injure Tanisha Systems' commercial reputation. For example, the Blog's author, (Defendant's co-conspirator), specifically said that her goal was to "see to it that I screw this company and make him close it so that nobody else goes through this harassment." Pl.'s Comp. ¶73. Each of the Blog's defamatory statements concern the way that Tanisha Systems' does business with its employees. Pl.'s Comp. ¶56. Indeed, Defendant himself forwarded the Blog Post to a laundry list of Tanisha Systems' employees—obviously intending to injure Tanisha Systems in the operation of its business. Pl.'s Comp. ¶53. Because the Blog Post is intended to injure Tanisha Systems' commercial reputation, *see Infinite Energy, Inc.*, 713 S.E.2d at 460, the Blog Post is libelous per se, and Defendant's motion to dismiss should thus be denied.[2]

F.     *Tanisha Systems has complied with O.C.G.A. § 51-5-11 and can seek punitive damages for defamation.*

---

[2] Because the Blog Post is libelous per se, Tanisha Systems does not need to plead special damages. *See Sumner v. First Union Nat. Bank of Georgia*, 409 S.E.2d 212, 214 (Ga. Ct. App. 1991).

Tanisha Systems has complied with O.C.G.A. § 51-5-11 and can seek punitive damages for defamation. Tanisha Systems has demanded a retraction in ¶70 of the Complaint. Contrary to Defendant's assertions, O.C.G.A. § 51-5-11 does not require a written request for a retraction to be extended seven days before the filing of a complaint. Instead, it merely states that in order to obtain punitive damages, a plaintiff must make a written request for a retraction. *See* O.C.G.A. § 51-5-11 (c). And even if Plaintiff had not made the request, which it has, it could still do so if necessary – the suggestion that this aspect of the requested relief should be "dismissed" is ill-taken and, if anything, premature.

Defendant's reliance on the language in *Mathis v. Cannon* is misplaced. In *Mathis*, the Court was faced with a plaintiff who had not request a retraction at all whether in the complaint or otherwise. *See* 573 S.E.2d 376, 377 (Ga. 2002). Defendant thus errs in reading *Mathis* to add a requirement beyond that provided for in O.C.G.A. § 51-5-11 (c). Instead, because Tanisha Systems has issued a written request for a retraction to Defendant, Tanisha Systems may pursue punitive damages for its defamation claim. *See* O.C.G.A. § 51-5-11 (c).

G.    *Tanisha Systems has adequately pleaded its conspiracy claim.*

Defendant does not dispute Tanisha Systems' conspiracy claim beyond contesting the existence of any underlying tort. As demonstrated above, both of

the underlying torts—tortious interference and defamation—are viable claims. Thus, determining that Counts One and Two are adequately pleaded should end the Court's scrutiny of the conspiracy claim. *Cf. O'Neal v. Home Town Bank*, 514 S.E.2d 669, 675 (1999) ("Absent the underlying tort, there can be no liability for civil conspiracy."). Since Defendant raises no other challenges, his motion to dismiss as to Count III should be denied.

For the sake of comprehensiveness, however, Tanisha Systems notes that it has alleged facts sufficient to support its claim of conspiracy. To state a conspiracy claim, a plaintiff must allege facts sufficient to show that two persons combined to commit a tort. *See McIntee v. Deramus*, 722 S.E.2d 377, 379-80 (Ga. Ct. App. 2012) (citations omitted). A plaintiff must also allege facts that will show that the two persons, either positively or tacitly, arrived at a mutual understanding of how to accomplish their unlawful design. *See id.* Critically, whether an inference can be drawn that two persons acted in concert to commit a tort is a question for the jury. *See id.*

Tanisha Systems has sufficiently alleged each of these facts. Pl.'s Comp. ¶¶72-74. Tanisha Systems has alleged the existence of a conspiracy between Defendant and Ms. Jayaprakash to defame and tortuously interfere with Tanisha Systems by way of the following facts:

- Defendant republished Ms. Jayaprakash's Blog Post. Pl.'s Comp. ¶53;
- When asked, Ms. Jayaprakash did not deny asking Defendant to do so. Pl.'s Comp. ¶72;
- Defendant has posted his own comments to Ms. Jayaprakash's Blog, calling it the "real picture of Tanisha Systems." Pl.'s Comp. ¶¶57, 60;
- Defendant exhorted his list of Tanisha Systems' employees to forward the Blog Post on to others. Pl.'s Comp. ¶79.

Based on these facts already known to Tanisha Systems, Tanisha Systems has sufficiently alleged that Defendant and Ms. Jayaprakash have conspired to defame and tortuously interfere with Tanisha Systems. Pl.'s Comp. ¶72. Because these facts alleged are sufficient to state a claim of conspiracy, Defendant's motion to dismiss should be denied.

H.    *Tanisha Systems has stated a claim for attorney's fees.*

Because they are intentional torts, a finding of tortious interference or defamation justifies an award of attorney's fees. *See Bunch v. Byington*, 664 S.E.2d 842, 848 (Ga. Ct. App. 2008) ("Every intentional tort invokes a species of bad faith and entitles a person so wronged to recover the expenses of litigation including attorney fees."). Defendant's argument to the contrary should be rejected.

## IV. Conclusion

For all of the above reasons, Tanisha Systems respectfully requests that this Court deny Defendant's motion to dismiss.

Dated: September 10, 2015

Respectfully submitted,

By: /s/ Andrew C. Stevens
Andrew B. Flake, Bar No. 262425
Andrew C. Stevens, Bar No. 183366
ARNALL GOLDEN GREGORY LLP
171 17th Street NW
Suite 2100
Atlanta, GA 30363-1031
Telephone:     404.873.8500
Facsimile:     404.873.8501

Attorneys for Plaintiff
Tanisha Systems, Inc.

# CERTIFICATE OF COMPLIANCE

The undersigned attorney herby certifies, pursuant to L.R. 5.1 that the foregoing RESPONSE TO DEFENDANT'S FIRST MOTION TO DISMISS was prepared in accordance with L.R. 5.1 using Book Antiqua, 13 point.

/s/ Andrew B. Flake
Andrew B. Flake

## CERTIFICATE OF SERVICE

The undersigned attorney herby certifies that he has this day served counsel for the Defendant Prakash Chandra with the foregoing RESPONSE TO DEFENDANT'S FIRST MOTION TO DISMISS by filing the same with CM/ECF, which will cause the same to be sent to the following counsel of record:

This 10th day of September, 2015.

/s/ Andrew B. Flake
Andrew B. Flake